10-3764-pr
Ahlers v. Spitzer

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of September, two thousand eleven.

PRESENT:
         ROSEMARY S. POOLER,
         BARRINGTON D. PARKER,
         DENNY CHIN,
                  *Circuit Judges*.

_____

Karl Ahlers,

                  *Plaintiff-Appellant*,

         v.                                            10-3764-pr

Eliot Spitzer, Ex Governor, New York State, *et al*.,

                  *Defendants-Appellees*.

_____

FOR APPELLANT:          Karl Ahlers, *pro se*, Marcy, NY.

FOR APPELLEES:          Joshua Pepper, Assistant Attorney General (of Counsel), Cecelia
                        C. Chang, Assistant Solicitor General, Benjamin N. Gutman,
                        Deputy Solicitor General, Barbara D. Underwood, Solicitor
                        General, Eric T. Schneiderman, Attorney General of the State of
                        New York, New York, NY.

         Appeal from a judgment of the United States District Court for the Southern District of

New York (Scheindlin, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Karl Ahlers, proceeding *pro se*, appeals from the district court's judgment granting the defendants' motion to dismiss his 42 U.S.C. § 1983 action. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In reviewing a district court's dismissal of a complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), we review factual findings for clear error and legal conclusions *de novo*, accepting all material facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. See *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008). Dismissal under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate" the case. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Having conducted an independent review of the record in light of these principles, we affirm the district court's judgment for substantially the same reasons stated by the district court in its well-reasoned decision. On appeal, Ahlers primarily relies on case law standing for the proposition that, in order for an Article III case or controversy to exist, a plaintiff need not actually expose himself to liability before challenging a law as unconstitutional, as a case or controversy exists where a litigant is forced to choose between abandoning his rights or risking prosecution. *See, e.g.*, *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128-29 (2007). However, Ahlers has not alleged that he faces a threat of prosecution. Moreover, given the contingent nature of his release into a regimen of "strict and intensive supervision and treatment"

2

and of the supervisory conditions imposed under that regimen, Ahlers has not been forced to choose between abandoning his rights or risking further confinement, and it is not certain when, or if, he will face such a dilemma.  *See generally* N.Y. Mental Hyg. Law §§ 10.09, 10.11.  In the cases relied on by Ahlers, unlike here, "the plaintiff . . . eliminated the imminent threat of harm by simply not doing what he claimed the right to do."  *MedImmune*, 549 U.S. at 129.

We have considered Ahlers's other arguments on appeal and have found them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3